**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE        )
                              )
      v.                 )     I.D. No.  1710001043A/B
                              )
VERNON MONTGOMERY,   )
                              )
    Defendant.         )

*Upon Consideration of the Motion for Postconviction Relief*
***DENIED***

*Date Submitted: June 21, 2021*
*Date Decided: October 1, 2021*

Timothy Maguire, Esquire, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Vernon Montgomery.  *Pro se*.

**DAVIS, J.**

## I.      INTRODUCTION

This is a criminal case after trial, sentencing and appeal to the Supreme Court.  In February 2019, a jury found Mr. Montgomery guilty of first degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), and wearing a disguise during the commission of a felony ("WDDCF").[1]  Following the jury's verdict, Mr. Montgomery immediately proceeded to a bench trial on related person-prohibited charges.[2]  The Court found Mr. Montgomery guilty of possession of a firearm by a person prohibited ("PFBPP") and possession of ammunition by a person prohibited ("PABPP").[3]  The Court deferred sentencing, pending a presentence investigation.[4]  On May 24, 2019, the Court sentenced Mr. Montgomery

---

[1] D.I. No. 142.
[2] *Id.*
[3] *Id.*
[4] *Id.*

to an aggregate of twenty years of Level V incarceration, followed by decreasing levels of supervision.[5]

Before the Court is the Motion for Postconviction Relief (the "Motion") filed by Mr. Montgomery on March 25, 2021.[6] On June 3, 2021, the State filed its State's Response to Defendant's Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61 (the "Response").[7] Mr. Montgomery then filed his Reply Brief for Rule 61 Post Conviction Relief (the "Reply").[8] After careful consideration of the Motion, the Response, the Reply, all exhibits submitted with the parties' filings, the record in this criminal action and Superior Court Criminal Rule 61 ("Rule 61"), the Court has determined that no hearing on the Motion is necessary. For the reasons set forth below, the Court will **DENY** the Motion.

## II.     BACKGROUND

On October 2, 2017, Mr. Montgomery walked into a bank located on Union Street in Wilmington. Mr. Montgomery carried a black backpack and wore glasses, a ski mask, dark pants, a dark hoodie, and a neon construction vest. Mr. Montgomery had a gun. Mr. Montgomery approached a bank employee and ordered him to hand over the contents of his cash drawer. The employee gave Mr. Montgomery the cash from his drawer, which included a money pack with a hidden Global Positioning System ("GPS") tracking device. Mr. Montgomery grabbed additional cash, including a second money pack containing a GPS tracking device, from another bank employee's cash drawer. Mr. Montgomery then left the building and fled in the direction of West Third Street. A bank employee called 911 and reported the robbery. The employee described Mr. Montgomery as a tall black man, with a gun and was wearing glasses

---

[5] D.I. No. 155.
[6] D.I. Nos. 181-84.
[7] D.I. No. 189.
[8] D.I. No. 193.

and a neon-colored construction jacket with a hood.

The Wilmington Police Department ("WPD") began receiving location information from the GPS tracking devices. Through the WPD communications center ("WPD WILCOM"), police dispatch was then able to relay that location information, along with information dispatch received from the 911 call to police officers on patrol. WPD WILCOM provided the following information: (i) the GPS tracking devices were headed eastbound on West Fourth Street; (ii) the GPS tracking devices were travelling at a speed that suggested they were in a vehicle; (iii) the GPS tracking devices became stationary on the 1000 block of West Fourth Street; (iv) the suspect was a tall black man wearing glasses and a neon-colored construction jacket with hood; and (v) the suspect had a gun.

WPD police officers quickly cordoned off the 1000 block of West Fourth Street, stopping traffic. Corporal Johnny Whitehead, Officer Kecia Rosado, and other responding police officers began canvassing the area on foot. Corporal Whitehead approached a Chrysler automobile from the rear and observed Mr. Montgomery, with his hands on the wheel, staring straight ahead. Corporal Whitehead felt that Mr. Montgomery's failure to acknowledge the police presence was peculiar because the occupants of the other stopped vehicles appeared visibly surprised by the roadblock. Corporal Whitehead changed direction and approached the driver's side window of the car. Mr. Montgomery continued to stare straight ahead with his hands on the steering wheel, ignoring Corporal Whitehead's presence. Standing at Mr. Montgomery's window, Corporal Whitehead noted that Mr. Montgomery's appearance matched the general description of the suspect as a tall black male. Corporal Whitehead also observed latex gloves located in a cup in the vehicle's center console.

At this same time, Officer Rosado approached Mr. Montgomery's vehicle from the front.

3

From her vantage point, she could see a neon article of clothing in Mr. Montgomery's lap. Officer Rosado signaled Corporal Whitehead about the clothing. After Corporal Whitehead saw the neon vest, he ordered Mr. Montgomery out of the car at gunpoint and placed him in restraints. Corporal Whitehead then opened a bag that was on the front passenger side floorboard and found a large quantity of cash and a handgun.

The WPD impounded the vehicle. The WPD then obtained a search warrant for the vehicle. The search yielded a black hooded sweatshirt, a traffic-safety vest, a ski mask, a cup containing blue plastic gloves, and two backpacks. Inside one of the backpacks, WPD located a loaded 9-millimeter handgun, work gloves, two GPS tracking devices, and $7,385.00 in cash.

Mr. Montgomery was a person prohibited from possessing a firearm or ammunition for a firearm because he had a prior felony conviction for armed robbery. On November 13, 2017, the grand jury indicted Mr. Montgomery on first degree robbery, PFDCF, WDDCF, PFBPP, and PABPP.[9] The Court set a trial date for April 17, 2018.[10]

On February 7, 2018, and with the assistance of counsel, Mr. Montgomery filed an out-of-time motion to suppress evidence seized from his car.[11] Mr. Montgomery argued that the evidence should be suppressed because the search warrant was based, in part, on an improper warrantless search of his backpack. On February 12, 2018, Mr. Montgomery requested to proceed *pro se*. At the request of defense counsel, on March 13, 2018, the Court ordered a psychological evaluation to determine Mr. Montgomery's competency to stand trial and waive the assistance of counsel.[12] The evaluation was filed with the Court on or about May 2, 2018.[13]

---

[9] D.I. No. 3.
[10] D.I. No. 6.
[11] D.I. Nos. 12-13.
[12] D.I. No. 21.
[13] D.I. No. 25.

After engaging in a colloquy with Mr. Montgomery to ensure that his waiver of the assistance of counsel was knowing and voluntary, the Court granted his request to proceed *pro se* on June 21, 2018.[14]

Mr. Montgomery then supplemented his motion to suppress, arguing that his initial detention was also illegal.[15] Mr. Montgomery also filed a motion to suppress his post-Miranda statement, as well as several other motions, letters, and responsive pleadings.[16] The Court held a hearing (the "Suppression Hearing") on Mr. Montgomery's motions on August 10, 2018.[17] At the conclusion of the Suppression Hearing, the Court denied Mr. Montgomery's motion to suppress.[18] A new trial date was set for December 4, 2018.[19]

On October 15, 2018, Mr. Montgomery filed a motion to dismiss, claiming a violation of his right to a speedy trial.[20] The Court denied the motion because it found that (i) Mr. Montgomery had not previously raised concerns about his right to a speedy trial but, rather, had been focused on presenting and arguing the merits of the motion to suppress; and (ii) any delay was not attributable to the State but to the defense.[21] After the State indicated a conflict with the December 4, 2018 trial date, the court moved up the trial date to November 27, 2018.[22]

On November 27, 2018, the parties appeared for trial.[23] The Court then learned that, due to an incident at the prison, correctional officers had confiscated Mr. Montgomery's legal papers and that the papers had not yet been returned to him. Mr. Montgomery renewed his motion for

---

[14] D.I. No. 30.
[15] D.I. No. 32.
[16] D.I. No. 38.
[17] D.I. No. 64.
[18] *Id.*
[19] D.I. No. 81.
[20] D.I. No. 88.
[21] D.I. No. 94.
[22] *Id.*
[23] D.I. No. 106.

dismissal of the indictment again asserting a violation of his right to a speedy trial. The Court continued the trial until February 5, 2019.[24]

On November 28, 2018, the Court held a hearing.[25] At the hearing, prison personnel appeared before the Court to explain why Mr. Montgomery's legal materials had been confiscated. Witnesses testified—and video evidence from the prison later confirmed—that a response team was called after Mr. Montgomery refused to obey a correctional officer's order. The response team forcibly removed Mr. Montgomery from his cell and other prison officers removed Mr. Montgomery's personal belongings, including his legal/trial paperwork. After hearing from the witnesses, the Court concluded that the latest delay was attributable to Mr. Montgomery. The Court also found that Mr. Montgomery's case had not been compromised because of the delay in his trial date and denied Mr. Montgomery's motion for dismissal.[26]

On January 18, 2019, Mr. Montgomery filed a motion to sever the PFBPP and PABPP charges from the other counts of the indictment.[27] The Court granted the motion and ordered separate trials on the first-degree robbery, PFDCF, and WDDCF counts (I.D. No. 1710001043A) and the PFBPP and PABBP (I.D. No. 1710001043B).[28]

The Court convened Mr. Montgomery's jury trial on February 5, 2019.[29] During the first day of trial, an allegation of juror misconduct arose. The Court individually questioned each juror about the allegation. The Court then found that the jury had not been tainted and did not excuse any juror in connection with the allegation. During trial, Mr. Montgomery admitted that he had committed the bank robbery. Mr. Montgomery contended that he only robbed the bank

---

[24] *Id.*
[25] D.I. No. 110.
[26] D.I. No. 123.
[27] D.I. No. 125.
[28] D.I. No. 133.
[29] D.I. No. 142.

6

under duress. The jury found Mr. Montgomery guilty as charged.[30] Mr. Montgomery proceeded to a bench trial on the PFBPP and PABPP charges.[31] The Court found Mr. Montgomery guilty of those charges as well.[32]

Mr. Montgomery then filed a motion for a new trial in the A case, arguing that the jury was impermissibly tainted due to juror misconduct. The Court denied the motion. On May 24, 2019, the Court sentenced Mr. Montgomery to an aggregate of twenty years of Level V incarceration, followed by decreasing levels of supervision.

After sentencing, Mr. Montgomery filed a motion for a new trial, contending juror misconduct.[33] The Court denied this motion on May 23, 2019.[34]

Mr. Montgomery then pursued a direct appeal of his conviction to the Supreme Court.[35] On appeal, Mr. Montgomery raised the following issues: (i) Mr. Montgomery's initial detention was illegal; (ii) the Wilmington Police Department officers did not have probable cause to conduct a warrantless search of Mr. Montgomery's backpack; (iii) the Court abused its discretion when it denied Mr. Montgomery's motion to dismiss for violation of his Sixth Amendment right to a speedy trial; and (iv) the Court erred in denying Mr. Montgomery's motion for a new trial based on juror misconduct.[36] On April 3, 2020, the Supreme Court issued an order affirming the judgments of the Court and denying Mr. Montgomery's appeal.[37] Mr. Montgomery then petitioned the United States Supreme Court for a writ of *certiorari*. The United States Supreme Court denied the petition.

---

[30] D.I. No. 142.
[31] *Id.*
[32] *Id.*
[33] D.I. No. 144.
[34] D.I. No. 154.
[35] *Montgomery v. State*, 227 A.3d 1062 (Table), 2020 WL 1672845 (Del. 2002).
[36] *Id.* at *3.
[37] *Id.* at *7.

## III. THE MOTION

Mr. Montgomery makes six arguments in the Motion. The Motion contends that: (i) Mr. Montgomery's arrest was illegal; (ii) testimony at the Suppression Hearing and trial was "incredible;" (iii) the Supreme Court failed to defer to the Court's findings of fact at the Suppression Hearing; (iv) the testifying police officers committed perjury and violated Mr. Montgomery's due process; (v) the State waived certain arguments on appeal because of position taken at the Suppression Hearing; and (vi) the transcript from the Suppression Hearing does not accurately reflect the testimony and, therefore, violates Mr. Montgomery's due process.

The State opposes the Motion. The State contends that Mr. Montgomery is procedurally barred on five of his six arguments. As to the waiver argument, the State claims that this argument should be denied because it is too vague and fails to put the State or the Court on notice as to the factual and legal basis for the purported waiver.

## IV. LEGAL STANDARD

Before addressing the merits of a Rule 61 motion for postconviction relief, the Court must first determine whether Mr. Montgomery has satisfied the procedural requirements of Rule 61.[38] Rule 61(i) establishes four procedural bars to postconviction relief: (1) a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final; (2) any ground for relief not asserted in a prior postconviction proceeding is barred; (3) any ground for relief not asserted in the proceedings leading to the judgment of conviction is barred; and (4) any ground for relief previously adjudicated in any proceeding is barred.[39]

---

[38] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[39] Super. Ct. Crim. R. 61(i).

Rule 61(i)(3) applies to postconviction claims that should have been, but were not, raise in the proceedings prior to conviction.[40] Rule 61(i)(3) procedurally bars those claims and provides:

> (3) Procedural default. -- Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
> (A) Cause for relief from the procedural default and
> (B) Prejudice from violation of the movant's rights.[41]

Rule 61(i)(4) also provides a bar to certain postconviction claims.[42] Rule 61(i)(4) procedurally bars any postconviction claim that was previously adjudicated by the Court, on appeal or in a federal habeas corpus proceeding.[43] Rule 61(i)(4) provides:

> (4) Former adjudication. -- Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.[44]

The procedural bars contained in Rule 61(i)(1)-(4) may be rescinded only if there is a means by which to do so in the applicable subsection of Rule 61.[45] Absent such relief, Rule 61(i)(5) provides additional reprieve from the procedural bars described in Rule 61(i)(1)-(3).[46] Under Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[47] The subparts in Rule 61(d)(2) require that a movant:

---

[40] Super. Ct. Crim. R. 61(i)(3).
[41] *Id.*
[42] Super. Ct. Crim. R. 61(i)(4).
[43] *Id.*
[44] *Id.*
[45] *State v. MacDonald*, 2007 WL 1378332, *4 (Del. Super. May 9, 2007).
[46] *Id.*
[47] Super. Ct. Crim. R. 61(i)(5).

(i)     pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)    pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[48]

The Court finds that Mr. Montgomery's arguments are procedurally barred under Rule 61(i)(1)-(4).  Moreover, the Court finds that none of the Motion's claims for relief meet the "fundamental fairness" exception contained in Rule 61(i)(5).

## V.     DISCUSSION

As set out above, under Rule 61(i)(3), a claim not asserted in the proceedings leading to the judgment of conviction is procedurally barred unless the movant shows cause for relief from the procedural default and prejudice.[49]  In addition, a claim previously adjudicated in an appeal is procedurally barred under Rule 61(i)(4) unless the movant shows cause for relief from the bar and prejudice.[50]

Mr. Montgomery appealed the judgments of this Court to the Supreme Court.[51]  On appeal, Mr. Montgomery presented the following issues:  (i) Mr. Montgomery's initial detention was illegal; (ii) the Wilmington Police Department officers did not have probable cause to conduct a warrantless search of Mr. Montgomery's backpack; (iii) the Court abused its discretion when it denied Mr. Montgomery's motion to dismiss for violation of his Sixth Amendment right to a speedy trial; and (iv) the Court erred in denying Mr. Montgomery's motion for a new trial based on juror misconduct.[52]

---

[48] Super. Ct. Crim. R. 61(d)(2).
[49] *See* Super. Ct. Crim. R. 61(i)(3)*; Watson v. State*, 804 A.2d 1067 (Table), 2002 WL 1836603, at *1 (Del. 2002).
[50] *See* Super. Ct. Crim. R. 61(i)(4)*; Watson*, 2002 WL 1836603, at *1.
[51] *Montgomery*, 2020 WL 1672845, at *1.
[52] *Id*. at *3.

10

Mr. Montgomery states in the Motion that

[a]ll Grounds were previously raised. Illegal Arrest was raised 2x to Judge Davis (see suppression hearing Transcripts pg 96 and 100. See Also Final Case Review Transcripts pg3=21). And at Supreme Court (See Opening Brief pg 11-17. None were adjudicated.[53]

Given the record of this criminal action, the Court understands why Mr. Montgomery asserts that he previously raised all the Motion's claims for relief. The Court, however, is not clear why Mr. Montgomery believes none of his raised claims were not adjudicated. The Supreme Court and the Court have addressed, and disposed of, any claim raised by Mr. Montgomery. The docket does not contain one ignored request for relief.

The Court does find that the six claims raised in the Motion are procedurally barred under Rule 61(i)(3) or Rule 61(i)(4). Moreover, the Motion does not present any argument why cause exists for relief from the procedural bar.

First, Mr. Montgomery contends that his arrest was illegal. This contention has been previously adjudicated and is procedurally barred under Rule 61(i)(4). The Court addressed this issue in the Suppression Hearing.[54] In addition, the Supreme Court addressed and rejected Mr. Montgomery's claim that his detention/arrest was illegal.[55] Because Mr. Montgomery fails to show that reconsideration of the claim is warranted, the Court finds the issue of whether Mr. Montgomery's arrest was illegal is procedurally barred.

Second, Mr. Montgomery questions the credibility of the testimony at the Suppression Hearing. The Court addressed credibility at the Suppression Hearing.[56] Mr. Montgomery did not raise the issue on appeal. Evidentiary claims cannot be raised for the first time in a

---

[53] Mot. at 3.
[54] D.I. No. 64.
[55] *Montgomery*, 2020 WL 1672845, at *3-4.
[56] *Id*. at *5.

postconviction motion unless it is shown that the claim could not have been made on direct appeal.[57] Mr. Montgomery fails to demonstrate why this evidentiary issue could not have been asserted in his direct appeal to the Supreme Court. As such, Mr. Montgomery's argument as to the testimony at the Suppression Hearing is barred under both Rule 61(i)(3) and Rule 61(i)(4). Again, Mr. Montgomery fails to show cause as to why these procedural bars should not apply and prejudice—*i.e.*, if Mr. Montgomery had raised this issue on appeal, the outcome would have been different.[58]

Third, Mr. Montgomery argues that the Supreme Court failed to defer to the Court's factual determinations. The Court finds this argument to be barred by Rule 61(i)(4). The Supreme Court applied the appropriate legal standards as to the Court's rulings at the Suppression Hearing and to the determinations made during trial.[59] The Court is not going to revisit determinations made by the Supreme Court using the correct standards of review. Such action is unsupportable. The Supreme Court's rulings on the Court's findings of facts and determinations of law are final and constitute prior adjudications procedurally barred under Rule 61(i)(4).

Fourth, Mr. Montgomery claims that the testimony provided at the Suppression Hearing constituted perjury. Mr. Montgomery admits that "most of this argument" was raised in his contention that the testimony is not credible. Mr. Montgomery also argues that this "perjury" clearly violated due process and created manifest injustice. The Court notes, however, that Mr. Montgomery does not provide any new evidence or support for his perjury claim. Mr. Montgomery merely repeats arguments that have been rejected by this Court at the Suppression

---

[57] *See, e.g., State v. Johnson*, 2006 WL 3308200, at *4 (Del. Super. Nov. 9, 2006).
[58] *Id.*
[59] *See Montgomery*, 2020 WL 1672845, at *3 (setting out the applicable standards of review).

Hearing and the Supreme Court on appeal. The Court finds this argument to be repetitive of the second argument. Moreover, Mr. Montgomery fails to demonstrate cause as to why the procedural bars do not apply. Accordingly, the Court finds that Mr. Montgomery's argument as to purported perjury at the Suppression Hearing is barred under both Rule 61(i)(3) and Rule 61(i)(4).

Fifth, Mr. Montgomery contends that the State made arguments on appeal that the State waived during the suppression hearing. The Court does not understand why this would be a valid claim under Rule 61. Mr. Montgomery had an opportunity to make waiver arguments in his reply brief on direct appeal. The Court finds that Rule 61(i)(4) applies to procedurally bar Mr. Montgomery's failure to raise the waiver argument during his appeal.

Sixth, Mr. Montgomery argues that the official transcript omits rulings or discussions had at the suppression hearing. The Court has addressed this argument prior to Mr. Montgomery's trial.[60] Mr. Montgomery could have raised the issue during his appeal but failed to do so. Moreover, Mr. Montgomery has not demonstrated any external impediment that prevented him from raising these arguments on his direct appeal. Accordingly, the Court finds this argument to be procedurally barred under both Rule 61(i)(3) and Rule 61(i)(4).

---

[60] D.I. No. 124.

## VI. CONCLUSION

Accordingly, for the reasons stated above, Mr. Montgomery's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    Original to Prothonotary
Vernon Montgomery (SBI#00865718)
Timothy Maguire, Esq., DAG